IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH JACKSON, | § | |
| | § | No. 580, 2018 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. K18C-04-044 |
| PERRY PHELPS, et al., | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: October 4, 2019
Decided: December 6, 2019

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the parties' briefs and the record on the appeal, the Court concludes that this appeal must be dismissed under Supreme Court Rule 29(c).[1] The appellant, Joseph Jackson,[2] filed this appeal more than sixty days after he voluntarily dismissed his case in the Superior Court. A timely notice of appeal was due within thirty days.[3] Contrary to Jackson's contentions, the Superior Court was not

---

[1] Supr. Ct. R. 29(c) (providing for dismissal *sua sponte* if the appeal "manifestly fails on its face to invoke the jurisdiction of the Court and where the Court concludes, in the exercise of its discretion, that the giving of notice would serve no meaningful purpose and that any response would be of no avail.").

[2] The appellees filed a notification of suggestion of Mr. Jackson's death in July. His next of kin has indicated that she wishes to pursue this appeal.

[3] Supr. Ct. R. 6(a)(i).

required to enter an order upon his filing of the voluntary dismissal to make the dismissal effective.[4]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(c), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[4] Super. Ct. Civ. R. 41(a)(1)(I) ("Subject to payment of costs and the provisions of Rule 23(e), an action may be dismissed by the plaintiff *without order of court*…by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment whichever first occurs) (emphasis added).